IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN CURTIS TAYLOR | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-2621 |
| WARDEN | * | |
| Defendant | * | |

***

# MEMORANDUM

The above-captioned self-represented case was opened upon receipt of correspondence from plaintiff alleging that prison officials have been reading his incoming mail since 1999 for discriminatory reasons. ECF No. 1. For the reasons that follow, the complaint must be dismissed.

Plaintiff does not seek monetary damages nor does he name any defendants allegedly responsible for the discriminatory conduct. Rather, plaintiff states that there should be an agency established to investigate claims of discrimination by state employees. He claims he can tell his mail is being read and monitored for discriminatory purposes because he has never been involved in a gang and there is no cause to believe his mail would contain information regarding gang activity. In addition, he states he can see the contempt prison officials have for him and he asks this court to put an end to it. Plaintiff does not state whether the alleged discrimination occurred on the basis of his race, sex, or national origin. ECF No. 1.

Plaintiff does not allege he has suffered a cognizable injury as a result of the alleged discrimination. This court does not have jurisdiction over a case in the absence of a claim of actual injury to a constitutionally protected right. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (actual injury requirement derives from the doctrine of standing). The issue of preventing gang

activity behind prison walls through monitoring of non-legal prisoner mail is a matter of important public interest that, if accomplished without injury to constitutionally protected rights of those subject to mail monitoring, is appropriately left to the expertise of prison officials. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995) (the court's role is not to determine how prisons may be more beneficently operated). "Prison restrictions on inmate mail must be reasonably related to prison interests in security and order." *France v. Coughlin,* Civ. No. KBM-85-6347, 1987 WL 10724, at *2 (S.D.N.Y. May 4, 1987); *Duamutef v. Hollins,* 297 F.3d 108, 112 (2d Cir. 2002) ("restrictions that implicate prisoners' constitutional rights may be upheld if they are 'reasonably related to legitimate penological interests' ") (quoting *Turner v. Safley,* 482 U.S. 78, 89, (1987)).

Although dismissal of a complaint for failure to state a claim upon which relief may be granted ordinarily warrants the award of a "strike" against a prisoner plaintiff under 28 U.S.C. § 1915(g),[1] the court declines to do so in the instant case because it is unclear whether the papers sent to this court were intended to be a complaint filed pursuant to 42 U.S.C. § 1983. A separate order dismissing the complaint follows.

DATED this 19th day of September, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] Under the statute a prisoner will not be granted in forma pauperis status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury."